**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Alonso PORTILLO–CANO,**
**Defendant–Appellant.**

**No. 98–10189.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1999.

Filed Sept. 20, 1999.

As Amended Dec. 6, 1999.

of that case.

Francisco Leon, Law Office of Francisco Leon, Tucson, Arizona, for the defendant-appellant.

Anne E. Mosher, Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellee.

Before: NOONAN and TASHIMA, Circuit Judges, and RESTANI,* Judge, United States Court of International Trade.

* The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

**RESTANI, Judge:**

Francisco Alonso Portillo–Cano ("Portillo–Cano" or "defendant") appeals his guilty plea entered before the district court on the ground that his plea did not conform to the requirements of Rule 11(c) of the Federal Rules of Criminal Procedure. The government asserts that defendant is barred from appealing his sentence because his plea agreement included a waiver of his right to appeal. We hold that we may hear defendant's appeal in order to determine whether his guilty plea failed to comply with the requirements of Rule 11 because the trial judge did not explain the nature of the charges. We also hold that the plea colloquy at issue did not conform to Rule 11. We have jurisdiction under 28 U.S.C. § 1291 (1994) and we vacate and remand for further proceedings.

## I. BACKGROUND

In June 1996, Portillo–Cano was indicted by a grand jury on four counts: Count 1 that he conspired to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (1994); Count 2 that he possessed with intent to distribute, and aided, abetted ... or induced ... others to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1994); and, Counts 3 and 4, that he used and carried a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (1994).

In 1995, Portillo–Cano negotiated with a confidential informant ("CI") who worked for the U.S. Customs Service. On March 28, 1995, Portillo–Cano gave the CI a two-ounce sample of marijuana. One week later, Portillo–Cano told the CI that a large quantity of marijuana was available right away. Portillo–Cano brought the CI to a residence in Tucson, Arizona where the CI observed a large quantity of marijuana at the premises. Two men were

guarding the marijuana, one of whom was holding a handgun. A federal search of the residence led to the seizure of 1,160 pounds of marijuana and two firearms.

Pursuant to a Rule 11(e)(1)(C) plea agreement, Portillo–Cano entered a change of plea and pled guilty to Counts 1 and 4 of the indictment on May 28, 1997. Upon entering into an enforceable Rule 11(e)(1)(C) agreement, Portillo–Cano would have waived his right to appeal a sentence called for by the agreement.[1] The plea agreement included a provision that Portillo–Cano understood he was giving up his right to appeal the sentence. Portillo–Cano also was to forfeit all right and title to the two firearms. The district court sentenced defendant on March 31, 1998 to 60 months for Count 1, and 11 months for Count 4, to run consecutively.[2]

Defendant appealed his conviction and sentence to this court on April 8, 1998. Portillo–Cano claims that in the plea allocution of May 28, 1997 the district court judge failed to comply with the requirement of Fed.R.Crim.P. 11(c)(1) that the judge explain, in open court, the nature of the charges brought against the defendant.

## II. STANDARD OF REVIEW

■ We review the validity of a defendant's waiver of the right to appeal *de novo*. *United States v. Buchanan,* 59 F.3d 914, 916 (9th Cir.1995). We also review *de novo* whether a trial court's colloquy with a defendant satisfies the requirements of Rule 11(c)(1) of the Federal Rules of Criminal Procedure. *United States v. Smith,* 60 F.3d 595, 597 n. 1 (9th Cir.1995).

## III. DEFENDANT'S RIGHT TO APPEAL

■ The government's only argument on appeal is that Portillo–Cano waived his right to appeal his sentence in his plea agreement. A defendant has a statutory right to appeal his criminal sentence. *See* 18 U.S.C. § 3742(a)(1). This right, however, may be waived if the defendant knowingly and voluntarily agrees to the waiver. *United States v. Navarro–Botello,* 912 F.2d 318, 321 (9th Cir.1990) (holding that waiver of right to appeal as part of negotiated plea agreement does not violate due process or public policy). Nevertheless, in *Navarro–Botello* we also looked at the quality of the Rule 11(c) colloquy to ascertain that the defendant's waiver was knowingly and voluntarily made. *See id.* (prior to addressing waiver of right to appeal, court reviewed record and found Rule 11 requirements satisfied).

■ We recognize that a defendant who has waived the right to appeal may still appeal a criminal sentence under certain circumstances. *See United States v. Schuman,* 127 F.3d 815, 818 n. * (9th Cir.1997) (Kozinski, J., concurring) (reviewing cases in which defendant may appeal sentence in spite of waiver).

The cases cited by the Government in support of its argument that the right to appeal was waived validly do not involve situations where the defendant challenged compliance with the Rule 11(c) procedure. In *Schuman,* the court dismissed the appeal on the grounds that the waiver in the plea agreement was expressly stated, and that statements by the district court judge

---

**1.** Pursuant to 18 U.S.C. § 3742(c)(1) (1994) the defendant waives his right to challenge on appeal a sentence imposed pursuant to a plea agreement that "includes a specific sentence under rule 11(e)(1)(C)."

**2.** The district court appears unintentionally to have reversed the sentences for Counts 1 and 4. Count 4 is the count under which the statute requires that a consecutive 60–month sentence be imposed. *See* 18 U.S.C. § 924(c).

that the defendant may still have had some rights to appeal did not give rise to a contrary result because the prosecution objected to this advisement by the court. *Schuman,* 127 F.3d at 817. The court also rejected Schuman's contention that the Government had failed to comply with the plea agreement. *Id. Buchanan,* also cited by the Government, stands for the proposition that, generally, when the district court judge tells the defendant he may have a right to appeal, that "oral pronouncement must control," because the defendant "could have a reasonable expectation" that he could appeal his sentence. *Buchanan,* 59 F.3d at 917. In neither of these cases was the defendant denied the right to appeal a sentence even though compliance with the procedural requirements of Rule 11(c) was at issue.

■ As stated by the Seventh Circuit, waivers of appeal must "stand or fall with the agreement of which they are a part." *United States v. Wenger,* 58 F.3d 280, 282 (7th Cir.1995). "If the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored. If the agreement is involuntary or otherwise unenforceable, then the defendant is entitled to appeal." *Id.*

■ Portillo–Cano is challenging the soundness of his plea allocution under Rule 11, which goes to the heart of whether his guilty plea, including the waiver of appeal, is enforceable. Thus, we must determine whether the plea was valid in order to determine if appeal is permitted.

Our holding in *United States v. Vences,* 169 F.3d 611 (9th Cir.1999), is not to the contrary. In *Vences,* we held that we lacked jurisdiction on appeal where the defendant waived the right to appeal in his plea agreement, even though the trial judge failed to explain the reasons for imposing the sentence, as required by 18 U.S.C. § 3553 (1994). The trial judge's failure to comply with 18 U.S.C. § 3553 did

not make the sentence illegal, 169 F.2d at 613, and did not implicate the voluntariness of the defendant's plea. By contrast, compliance with Rule 11 is the means by which the court is assured that the defendant's guilty plea is voluntarily and knowingly made.

## IV. COMPLIANCE WITH RULE 11(C)(1)

■ Rule 11(c)(1) of the Federal Rules of Criminal Procedure requires that before accepting a plea of guilty, the "court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) the nature of the charge to which the plea is offered [and the mandatory minimum penalty and maximum possible penalty]." The purpose of Rule 11 is to "ensure that guilty pleas are knowing and voluntary." *United States v. Longoria,* 113 F.3d 975, 977 (9th Cir.1997) ("defendant's right to be informed of the charges against him is at the core of Rule 11.").

■ In reviewing the compliance of a plea with Rule 11(c), we review only the record of the plea proceeding. *United States v. Jaramillo–Suarez,* 857 F.2d 1368, 1372–73 (9th Cir.1988) (quoting *United States v. Kamer,* 781 F.2d 1380, 1383 (9th Cir.1986)). We are therefore confined to analyzing the transcript of the discussion between the trial judge and Portillo–Cano on May 28, 1997. Upon review we conclude that the trial judge failed in only one respect with regard to the requirements of Rule 11. He did not explain the nature of the charges for which Portillo–Cano was indicted.

■ As stated in *Smith,* failure to explain the nature of the charge "requires the vacation of a plea of guilty." 60 F.3d at 597 (citing *United States v. Bruce,* 976 F.2d 552, 559–60 (9th Cir.1992)).[3] The

---

**3.** In *Bruce,* we found that a statement that defendant was pleading guilty to "conspiracy to manufacture methamphetamine" was a "brief, vague explanation [that] in no way

plea colloquy in *Smith* was similar to, and clearly no more deficient than, the one at issue in this case. In *Smith* the defense attorney waived the reading of the indictment, but this waiver did not "excuse the omission" by the trial court. *Id.* at 597.[4]

In *Smith* the Government argued that other events at the plea hearing showed that the defendant understood the nature of the charges brought against him, and that the district court had complied with all of the remaining requirements of Rule 11(c). *Id.* The prosecutor in *Smith* established the factual basis for the plea, and the defendant admitted all of those facts. We held that "[w]hile these recitations may satisfy other requirements of Rule 11(c), they do not convey to Smith the nature of the charges against him.... [A]n admission of the facts does not speak to the nature of the charge." *Id.* at 597. We held that a guilty plea cannot be truly voluntary unless the defendant "possesses an understanding of the law in relation to the facts." *Id.* (quoting *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)).

■■■■■ A statement by the defendant and his attorney that they discussed the nature of the charge is also insufficient to satisfy Rule 11(c), because "vague references to discussion of 'the charges' and 'the nature of the charges' does not provide a complete record showing compliance with Rule 11(c)." *Smith,* 60 F.3d at 598.[5] *Smith* also held that a provision in the plea

agreement stating the acts the defendant must have committed in order to be found guilty of the crime charged cannot cure the failure to describe the nature of the charges in open court where that provision of the plea agreement was not "recited or even referred to in the plea proceeding." *Smith,* 60 F.3d at 599. Likewise, in Portillo–Cano's plea proceeding no mention was made of what acts he must have committed in order to be found guilty of either charge, and the plea agreement also did not contain such statements. Furthermore, assurances that at some point outside of the plea agreement the defendant was informed of the nature of the charge cannot cure the judge's failure to do so in open court. *Smith,* 60 F.3d at 599 (quoting *United States v. Kennell,* 15 F.3d 134, 136 (9th Cir.1994) ("reading of the plea agreement is no substitute for rigid observance of Rule 11.")).

■■■■ *Smith* also establishes that the failure to identify the nature of the charges is not harmless error pursuant to Rule 11(h). The omission to identify and explain the crime is "fundamental." *Smith,* 60 F.3d at 599. We recently held that "[a]ny deviation from the requirements of Rule 11 is reversible unless the government demonstrates that it was 'harmless.'" *United States v. Odedo,* 154 F.3d 937, 940 (9th Cir.1998) (quoting *United States v. Lyons,* 53 F.3d 1321, 1322 n. 1 (D.C.Cir.1995)).[6] In the absence of "any

---

satisfied the requirements of Rule 11(c)(1)." *Bruce,* 976 F.2d at 559.

4. The prosecutor, instead of the judge, may explain the nature of the charges, *Smith,* 60 F.3d at 597 (citing *United States v. Sharp,* 941 F.2d 811, 816 (9th Cir.1991)), but in both *Smith* and Portillo–Cano's case, there was no explanation of the charges by either the judge or the prosecutor. There was also no mention of the indictment, or a waiver of the reading of the indictment, during Portillo–Cano's Rule 11 colloquy.

5. In *Smith* we recognized that under an earlier version of Rule 11(c), it was sufficient for the judge to ascertain that the defendant and his attorney had discussed the nature of the

charges, because the pre–1974 version of the rule did not require that the trial judge inform the defendant in open court of the nature of the charge. *See Smith* 60 F.3d at 598 (citing *United States v. O'Donnell,* 539 F.2d 1233, 1236 (9th Cir.1976); *Guthrie v. United States,* 517 F.2d 416, 418 (9th Cir.1975)).

6. Prior to the 1975 amendments to Rule 11, any noncompliance with the rule was reversible error. *See McCarthy,* 394 U.S. at 468–69, 89 S.Ct. 1166; *Odedo,* 154 F.3d at 940 (discussing *McCarthy* and amendments to Rule 11 in 1975). Rule 11(h) "makes no change in the responsibilities of the judge at Rule 11 proceedings, but instead merely rejects the extreme sanction of automatic reversal."

**1252**

reference at the plea hearing to the charge or its nature, we can assume nothing more than total ignorance of the charge on the part of [the defendant]." *Smith*, 60 F.3d at 600.

The trial judge in this case did identify the two crimes: conspiracy and use of a firearm during a drug trafficking crime. The judge did not, however, discuss the elements of these crimes in order to demonstrate on the record that the defendant understood the nature of the charges. *See Kamer*, 781 F.2d at 1384 (failure to read indictment and explain nature of offense violated Rule 11) (citing *Irizarry v. United States*, 508 F.2d 960, 965–66 (2d Cir.1974) ("trial judge should at least set out the bare bones elements of the offense.")).

## V. CONCLUSION

Because Portillo–Cano's plea allocution did not include a description of the nature of the charges, including an application of the law to the facts, we find that this plea did not conform to the requirements of Fed.R.Crim.P. 11(c)(1) and that defendant's right to appeal was not waived. Accordingly, we VACATE the conviction and REMAND for further proceedings consistent with this opinion.

**VACATED and REMANDED**

*Odedo*, 154 F.3d at 940 (quoting Advisory Comm. Notes to Fed.R.Crim.P. 11(h), 1983