UNITED STATES of America, Plaintiff–Appellee,

v.

Pedro Garcia GUEVARA, aka Pedro Guevara Valenzuela, Defendant–Appellant.

No. 00–50013.

D.C. No. CR–99–00661–NMM–01.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2001.*

Decided Nov. 1, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before NOONAN, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Pedro Guevara appeals his conviction and sentence for count one, conspiracy to possess with intent to distribute methamphetamine and heroin, and count two, possession with intent to distribute a mixture containing heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). This court has jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we will not detail them here except as necessary.

Guevara first contends that the district court erred by accepting his guilty plea. A defendant's guilty plea must be knowing and voluntary. *See United States v. Portillo–Cano,* 192 F.3d 1246, 1250 (9th Cir. 1999). We review de novo whether the district court's colloquy with the defendant satisfies the requirements of Rule 11(c). *United States v. Bruce,* 976 F.2d 552, 559 (9th Cir.1992). When examining the compliance of a plea with Rule 11(c), we only consider the record of the plea proceeding. *Portillo–Cano,* 192 F.3d at 1250.

■ Guevara alleges that his plea was not "knowing" because the district court failed to accurately inform him of the elements of section 846, *i.e.,* that section 846 requires that the government prove he knew of *all* the objectives of the conspiracy. The court did not misadvise Guevara. The government need only prove that Guevara knew of at least one of the conspiracy's objectives and intended to help accom-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

plish it. *See* NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS-CRIMINAL, § 8.16 (West 2001); *United States v. Montgomery,* 150 F.3d 983, 1001 (9th Cir.), *cert. denied,* 525 U.S. 917, 119 S.Ct. 267, 142 L.Ed.2d 220 (1998); *see also United States v. Castro,* 887 F.2d 988, 993 (9th Cir.1989).

■ Guevara next argues that his plea was not voluntary because the district court failed to elicit confirmation from Guevara that he understood the nature of the charges against him. Rule 11 requires that the court "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the ... nature of the charge to which the plea is offered." FED. R.CRIM. P. 11(c)(1). Pursuant to Rule 11(c), the judge must "engage in a colloquy with the defendant and elicit responses from him which demonstrate, on the record, that the accused does so understand." *United States v. Kamer,* 781 F.2d 1380, 1385 (9th Cir.1986). The record shows that the district judge repeatedly inquired of both Guevara and his lawyer whether Guevara understood the proceedings and the charges. Those inquiries were uniformly answered in the affirmative by both the defendant and his counsel.

■ Finally, Guevara contends that there was error in his sentencing. To the extent that he contends that his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we disagree. His sentence of 135 months (11.25 years) was well below the statutory maximum of 20 years for possession with intent to distribute an unspecified amount of heroin and conspiracy to possess methamphetamine and heroin with the intent to distribute. 21 U.S.C. § 841(b)(1)(C). To the extent that he contends that the application of the sentencing guidelines violated *Apprendi,* we again disagree. *Apprendi* does not apply to the sentencing guidelines. *See United States v. Johansson,* 249 F.3d 848 (9th Cir.2001). Finally, to the extent that he contends that his guideline offense level was based on faulty assumptions concerning the amount of drugs involved, we once again disagree. The district court's calculations were not clearly erroneous. AFFIRMED.