**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Adrian Ayala PENA, aka Adrian Pena, aka Fernando Estrada Martinez, aka Fernando Estrada, aka Fernando M. Estrada, Defendant–Appellant.**

No. 00–50470.

D.C. No. CR–99–00688–WDK–4.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## MEMORANDUM **

Adrian Ayala Pena appeals the 108–month sentence imposed by the district court following his guilty plea conviction for conspiracy to distribute and distribution of 15 pounds of amphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss for lack of jurisdiction.

Pena's guilty plea contained a waiver of the right to appeal any constitutional sentence within the statutory maximum. Pena now contends that the waiver is unenforceable because his 108–month sentence exceeds the applicable statutory maximum.[1] Specifically, Pena argues that amphetamine is a Schedule III drug, and therefore, subject to a 5 year statutory maximum under 21 U.S.C. § 841(b)(1)(D).

This contention lacks merit because, prior to Pena's offense, the Attorney General transferred amphetamine to Schedule II. *See* 21 U.S.C. § 811 (authorizing the Attorney General to transfer drugs between schedules); 21 C.F.R. § 1308.12 (transferring amphetamine from Schedule III to Schedule II). Furthermore, although the indictment to which Pena pleaded guilty misidentified amphetamine as a Schedule III drug, any error was harmless. *See United States v. Gill,* 280 F.3d 923, 929 (9th Cir.2002) (concluding that defendant not prejudiced by indictment's misidentification of PCP as a Schedule III drug). The plea agreement correctly identified amphetamine as a Schedule II drug, and the district court sentenced Pena in accordance with the 20–year statutory maxi-

---

1. Because we conclude that no error occurred, we decline to reach Pena's alternative argument that counsel was ineffective for failing to object to the unconstitutional sentence.

mum for that offense, as required by 21 U.S.C. § 841(b)(1)(C). Because Pena's sentence is constitutional, his waiver of appeal is enforceable. Accordingly, we lack jurisdiction to review his claims on appeal. *United States v. Portillo–Cano*, 192 F.3d 1246, 1250 (9th Cir.1999).

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.