### UNITED STATES of America, Plaintiff—Appellee,

v.

### Juan Carlos MORALES, Defendant— Appellant.

No. 01–50154.

D.C. No. CR–00–00666–LGB–01.

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 2002.[*]

Decided Sept. 27, 2002.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Juan Carlos Morales appeals his sentence for one count of conspiracy, in violation of 18 U.S.C. § 371, one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and one

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). He argues that the district court: 1) clearly erred in finding that he was an organizer or leader of five or more participants pursuant to U.S.S.G. § 3B1.1(a); 2) committed plain error in applying the preponderance of the evidence standard to the § 3B1.1(a) determination; 3) clearly erred in relying upon hearsay statements from confidential informants; 4) violated his right to due process by refusing to compel the disclosure of the informants' identities; and 5) violated his due process rights by failing to ensure the reliability of the informants' statements. We vacate Morales's sentence and remand for resentencing.

## I. Waiver

■ The Government argues that, under Morales's plea agreement, he waived the right to appeal any issues that are not related to the constitutionality of his sentence. Whether a defendant has waived his right to appeal by entering into a plea agreement is reviewed de novo. *United States v. Portillo–Cano*, 192 F.3d 1246, 1249 (9th Cir.1999). Morales acknowledges that, in paragraph twenty of the plea agreement, he waived the right to appeal his sentence as long as the sentence was within the statutory maximum and was constitutional. However, he argues that, in paragraph fourteen, the parties reserved the right to argue on appeal that the district court's sentencing calculations were in error. Even assuming, *arguendo*, that Morales's interpretation of paragraph fourteen is correct, it creates, at most, an ambiguity in the plea agreement. In construing the terms of an ambiguous plea agreement, this court looks at what the defendant reasonably understood the terms of the plea agreement to be at the time he or she entered the plea. *United States v. De la Fuente*, 8 F.3d 1333, 1337–

38 (9th Cir.1993). Our review of the record indicates that, at the time he entered his plea, Morales reasonably understood that he could only appeal his sentence if it was beyond the statutory maximum or was unconstitutional. Thus, Morales's arguments which do not relate to the constitutionality of his sentence are barred by the plea agreement and we do not have jurisdiction over them. *See United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999).

## II. Disclosure of Confidential Informants' Identities

■ The Government has a limited privilege to withhold the identities of confidential informants. However, the district court must compel disclosure where it would be relevant and helpful to the accused's defense or essential to a fair determination of the case. *United States v. Ramirez–Rangel*, 103 F.3d 1501, 1505 (9th Cir.1997). It is the defendant's burden to establish the need for disclosure of the informants' identities. The defendant has to show more than a "mere suspicion" that the informants have "relevant and helpful" information. *Id.* (internal quotation marks omitted).

Morales does not identify any relevant and helpful information that the informants might have. He seeks to learn their identities in the hope that he will uncover any information that might cast doubt on their credibility. He has not shown more than a mere suspicion that they have relevant and helpful information. Further, the informants were previously threatened by other persons associated with the robbery groups. Under these circumstances, the Government's interest in protecting the informants outweighed Morales's interest in disclosure. The district court's refusal to compel the disclosure of the informants' identities did not violate Morales's due process rights.

### III. Reliability of Confidential Informants' Statements

Morales argues that the district court violated his due process rights by failing to ensure the reliability of the informants' hearsay statements regarding his role in the robbery conspiracy. Although hearsay statements are generally admissible in sentencing proceedings, due process requires that they be supported by "some minimal indicia of reliability." *United States v. Garcia–Sanchez*, 189 F.3d 1143, 1149 (9th Cir.1999). This requirement demands that the hearsay statement be supported by extrinsic corroborating evidence. *United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir.2000).

■ The informants stated that Morales was the leader of his robbery group and that he was the one who sold the stolen goods and distributed the proceeds to the rest of the members. Through surveillance, phone records, and physical evidence obtained from the informants, the FBI obtained evidence corroborating the informants' statement that Morales sold the group's stolen goods. The fact that Morales was responsible for selling the group's stolen items indicates that he had a leadership role. The informants' hearsay statement was supported by the minimal indicia of reliability required by due process. The district court did not violate Morales's constitutional rights by considering the statement.

■ The informants also stated that there were between five and eight people in Morales's robbery group. However, there is nothing in Special Agent Scott Hanley's declaration that corroborates this statement. Los Angeles Police Department surveillance observed Morales meet twelve people on the way to Laguna Beach, where he and his "crew" conducted surveillance, but the declaration does not identify these persons or state whether all twelve were part of the crew. The declaration also states that five members of Morales's crew were arrested with him on April 29, 2000 and that four other arrest warrants were issued, but it does not identify the crew members or state the basis for their arrests. Because the informants' statement was not corroborated, it is not supported by the minimal indicia of reliability required by due process. The district court violated Morales's due process rights by considering it.

Insofar as there is no other evidence supporting the district court's finding that there were five or more persons in Morales's robbery group, the district court's erroneous consideration of the informants' hearsay statement was not harmless beyond a reasonable doubt. *See generally, Neder v. United States*, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (stating that constitutional errors may be disregarded if they are harmless beyond a reasonable doubt); *Williams v. United States*, 503 U.S. 193, 202–03, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (stating that an error is harmless if, based on the record as a whole, "the error did not affect the district court's selection of the sentence imposed"). Morales's sentence must be vacated. On remand for resentencing, the district court should consider whether the Government may submit further evidence under the guidelines set forth in *United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002).

VACATED AND REMANDED.