UNITED STATES of America, Plaintiff—Appellee,

v.

Gregory Alan FOSTER, aka Greg Alan Foster, Defendant—Appellant.

No. 02–50323.

D.C. No. CR–01–00237–WDK–02.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Ronald L. Cheng, Joseph H. Zwicker, Michael J. Raphael, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gregory Alan Foster, pro se, Texarkana, TX, Richard D. Rome, Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

Before KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

## MEMORANDUM**

Gregory Alan Foster appeals the sentence imposed following his guilty plea to mail fraud and money laundering in violation of 18 U.S.C. §§ 1341, 1956(a)(1)(A)(i) and 1957. We dismiss.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Foster contends that the district court erred in applying sentencing enhancements for using sophisticated means to commit fraud, obstruction of justice and abuse of a position of trust. As part of his plea agreement, Foster waived his right to appeal any constitutional sentence within the statutory maximum. Foster contends the waiver is unenforceable, however, because the sentencing errors were constitutional violations.

Foster concedes that the parties agreed to follow the 1998 Sentencing Guidelines, but contends that the district court erred in imposing a sophisticated means enhancement, because it was based on amendments to the Sentencing Guidelines, effective November 1, 1998, thereby constituting an unconstitutional ex post facto violation. Pursuant to the terms of his plea agreement, however, Foster "waive[d] the right to make any ex post facto argument relating to application of any other version of the Sentencing Guidelines." Foster's remaining claims are non-constitutional claims, notwithstanding his conclusory references to constitutional violations. Pursuant to his appellate waiver, we lack jurisdiction to review Foster's claims on appeal. *United States v. Portillo–Cano,* 192 F.3d 1246, 1250 (9th Cir.1999).

**DISMISSED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] *This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.*