
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10316 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02110-DCB-BPV-1 |
| v. | |
| FRANCISCO DE JESUS GUTIERREZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted May 13, 2011**
San Francisco, California

Before: O'SCANNLAIN and GOULD, Circuit Judges, and ST. EVE, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Amy J. St. Eve, United States District Judge for the Northern District of Illinois, sitting by designation.

Defendant-Appellant Francisco De Jesus Gutierrez appeals the judgment of the district court on the ground that he did not knowingly and voluntarily plead guilty. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal as waived.

Gutierrez contends that he did not knowingly and voluntarily enter into the agreement to plead guilty and to waive his appeal rights in exchange for a sentencing-level reduction. If the agreement was not knowing and voluntary, the waiver of appeal is unenforceable. *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999). On the other hand, if the agreement was knowing and voluntary, the waiver of appeal must be honored and we must dismiss the appeal. *Id.*

Gutierrez's decision to plead guilty at the beginning of his trial represented a voluntary and intelligent choice among the courses of action open to him. *See United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001) ("A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970))). Nothing in the record suggests that Gutierrez did not

knowingly and voluntarily agree to plead guilty. Nor is there any indication that defense counsel's performance was prejudicially deficient.[1]

Gutierrez knowingly and voluntarily entered the sentencing agreement, which included a waiver of appeal. The scope of the waiver covers the right to appeal on the grounds raised. Accordingly, we dismiss. *See United States v. Watson*, 582 F.3d 974, 985–88 (9th Cir. 2009).

**DISMISSED.**

---

[1] As a general rule, we do not review challenges to the effectiveness of counsel on direct appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005), *abrogated on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). We leave open the possibility that Gutierrez might pursue an ineffective assistance of counsel claim though a habeas petition, despite language in the waiver of appeal that seems to bar any collateral attack, including petitions brought under 28 U.S.C. § 2255. Because that issue is not presented here, we need not decide "whether even an express waiver of all § 2255 rights could be enforced to preclude an ineffective assistance claim implicating the voluntariness of the waiver itself." *Id.* at 1156 n.4.