**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50059 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02290-LAB-1 |
| v. | |
| ABILENE VELAZQUEZ-SEDANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 12, 2013[**]
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and TIMLIN, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert J. Timlin, Senior District Judge for the U.S.
District Court for the Central District of California, sitting by designation.

Appellant Abilene Velazquez-Sedano was apprehended entering the United States from Mexico at the Calexico, California Port of Entry in a 1996 Toyota 4Runner with $800 in cash and 23.72 kilograms of cocaine in the car's gas tank. Velazquez-Sedano pled guilty and was convicted of importing cocaine into the United States. Velazquez-Sedano now challenges on appeal the validity of her plea, as well as the sentence imposed by the district court and the conditions of supervised release. We affirm the district court's judgment. The facts are known to the parties.

First, this case's facts as admitted by Velazquez-Sedano during her plea colloquy support a finding of deliberate ignorance, and the magistrate judge therefore did not plainly err in explaining the nature of the charge. *See United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999). That Velazquez-Sedano admitted knowledge of smuggling marijuana—and not cocaine—is not a defense; a defendant need not know the type or quantity of the drug being smuggled so long as the defendant knows it is some type of controlled substance. *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002).

Second, the relevant point of comparison in determining whether any downward adjustment in sentencing for a minor role is warranted is the average participant, and thus the district court did not clearly err in stating "[t]he guideline commentary focuses on the average participant and requires the court to find by a

preponderance of evidence defendant is substantially less culpable than the average participant, not the shot callers, not the people with proprietary interest." *See also United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006); U.S. Sentencing Guidelines Manual (USSG) § 3B1.2, & cmt. n.3(A).

Third, given that Velazquez-Sedano blamed her associates in Mexico for taking advantage of her frail emotional state to involve her in smuggling drugs, the district court did not plainly err in limiting Velazquez-Sedano's travel to Mexico, without the permission of her probation officer, to twelve hours as a condition of supervised release. *See* USSG § 5D1.3(b); 18 U.S.C. 3583(c); 18 U.S.C. § 3553; *see also United States v. Watson*, 582 F.3d 974, 983–84 (9th Cir. 2009) (noting that conditions separating a defendant from negative influences in her prior life are "reasonably related to the permissible goals of deterrence and rehabilitation[:] . . . a common purpose of supervised release"). Because Velazquez-Sedano is a United States citizen, her child is in the United States, and conditions of supervised release provide some flexibility by virtue of the probation officer, the conditions of supervised release therefore involve no greater restriction on her liberty than is necessary. 18 U.S.C. 3583(d)(2); USSG § 5D1.3(b)(2); *see Watson*, 582 F.3d at 983–84 (noting that conditions allowing for a probation officer's discretion are less onerous than an outright ban). Relatedly, the district court did not impermissibly delegate authority to the probation officer in conjunction with the travel restriction.

Indeed, we have observed that conditions subject to a probation officer's discretion are less onerous. *See Watson*, 582 F.3d at 983–84.

Fourth, the district court also did not plainly err in requiring Velazquez-Sedano to submit to drug testing as a condition of supervised release. Velazquez-Sedano was convicted of drug smuggling, and, when asking the district court to enroll her in the ARDAP drug program while incarcerated, Velazquez-Sedano noted that "she is an example of another element of what getting involved with drugs can do."

Finally, the district court did not abuse its discretion in sentencing Velazquez-Sedano to a 71-month term of imprisonment, which is 26 months below the low end of the Guidelines range. The district court reasonably focused on Velazquez-Sedano's knowledge that she was importing some type and quantity of drugs, Velazquez-Sedano's decision to use, and consequently endanger, her daughter to shield her crime, and the ultimate type and quantity of drugs imported. *See Carranza*, 289 F.3d at 644.

AFFIRMED.