**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4462

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DWAYNE FRAZIER,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.  (1:11-cr-00095-MJG-2)

Argued:  March 20, 2014               Decided:  June 20, 2014

Before TRAXLER, Chief Judge, MOTZ, Circuit Judge, and Max O.
COGBURN, Jr., United States District Judge for the Western
District of North Carolina, sitting by designation.

Affirmed by unpublished opinion.   Judge Cogburn wrote the
opinion, in which Judge Motz joined.   Chief Judge Traxler wrote
a separate concurring opinion.

**ARGUED:** Doug Keller, Washington, D.C., for Appellant.   John
Walter Sippel, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland, for Appellee.   **ON BRIEF:** Rod J. Rosenstein,
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

COGBURN, District Judge:

Dwayne Frazier pled guilty to one count of carjacking in contravention of 18 U.S.C. § 2119 and received a sentence of 144 months imprisonment. Frazier challenges his conviction, arguing that the district court erred by declining to hold a competency hearing after defense counsel raised concerns regarding Frazier's ability to aid in his own defense at trial. Frazier also contends that the district court committed reversible error by failing to apply the proper sentencing standard and by failing to independently exercise its sentencing discretion before accepting Frazier's plea. For the reasons that follow, we affirm.

I.

In January of 2012 a grand jury in the District of Maryland returned a six-count superseding indictment against Frazier and a co-defendant ("the indictment"). The indictment alleged the following charges: a conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; two substantive carjacking counts, in violation of 18 U.S.C. § 2119; two counts of possession and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

A.

The Friday before Frazier's trial was to begin, defense counsel filed a letter under seal with the district court detailing his concerns regarding his client's competency to proceed to trial. Among defense counsel's concerns were Frazier's ability to "understand the pros and cons of trial versus a plea"; "to assist in his defense"; and to "intelligently elect whether to testify or not." S.J.A. 1.

The following Monday, the district court inquired into these concerns with defense counsel and Frazier, outside of the presence of the government. After being assured by the district court that nothing disclosed during the ex parte discussion would be considered during sentencing, defense counsel explained to the district court that, based on approximately "a dozen visits" with his client, he believed Frazier to be "habitually under the use [sic] of narcotics at the Chesapeake Detention Facility." S.J.A. 5. Defense counsel explained that during his visits with Frazier he "noticed stains on his fingernails." Id. He noted that Frazier's eyes were "glassy" and that Frazier could not pay "any degree of attention." Id. Defense counsel also noted that Frazier "giggled and was giddy at inappropriate moments." Id. Counsel explained that he believed such supposed narcotic use affected Frazier's competency to proceed to trial

3

principally because Frazier "may or may not be able to assist" in his own defense. S.J.A. 5-6.

Frazier discussed his mental health status with the court and attributed his behavior to the high levels of stress and anxiety he was experiencing. Frazier explained that he had not seen his family in many years, including a two-year-old son whom he had not seen at all. He explained that he had been incarcerated for 16 years prior to being charged in the instant case and the prospect of an additional 33 years of imprisonment should he be convicted pushed his "stress level . . . off the chart." S.J.A. 9. Since his incarceration he had been placed on a series of medications including Neurontin and Prozac, and while he admitted that he "smoke[ed]" and that this was a "problem at the Chesapeake Detention Center," he also explained that he had never had a positive urinalysis "for any substance."[1] S.J.A. 8.

After hearing all such testimony, the district court determined that there was no basis to find Frazier incompetent

---

[1] It is unclear what type of substance Frazier was admitting to smoking, and defense counsel did not inquire into the matter any further. The district court explained that the stains on Frazier's fingers, which defense counsel noted in his colloquy, were not indicative of incompetence because it was not clear what substance Frazier was smoking. The district court opined that they could have been tobacco stains, or they could be from the use of "marijuana or something else." S.J.A. 11.

4

to proceed to trial. The district court explained that, at its request, the United States Marshal's Office conferred with authorities at the detention facility where Frazier was being held, who confirmed that there was no indication that Frazier had taken any illegal drugs. The district court also noted that, as recently as the week before, Frazier had written letters to the court in which he had no difficulty expressing himself. The district court explained that the letters contained no indication that Frazier was delusional or had any difficulty making judgments. While the district court accepted as true defense counsel's observations of his client, the court concluded that there was no reason to suspect that Frazier was incompetent to proceed to trial. While Frazier did seem to giggle at inappropriate moments, the district court explained that such behavior "just seem[ed] to be his manner." S.J.A. 11.

## B.

After discussing Frazier's competency outside the presence of the government, the district court then turned to jury selection in Frazier's trial. Moments before that was to begin, however, the parties notified the district court that they had reached a plea agreement in principle and requested a brief recess for the government to prepare a written agreement.

Frazier subsequently signed a plea agreement pursuant to FED.R.CRIM.P. 11(c)(1)(C), under which the parties agreed to a

5

proposed 144 month sentence. Frazier would plead guilty to Count Two of the Indictment, one of the substantive carjacking counts, and in exchange the government agreed to dismiss the remaining counts in the Indictment.

The district court proceeded through a lengthy colloquy with Frazier regarding the terms of the plea agreement during which it explained that if the plea was accepted, the sentence imposed would be 144 months. The district court also conducted further inquiry into Frazier's competency before fully advising Frazier of the rights he would have at trial including his right to testify, the presumption of innocence, the government's burden, and his right to appeal should he be convicted. After being so advised, Frazier confirmed that he still wished to plead guilty and the court accepted his plea.

Upon Frazier's request and consent by the government, the district court then proceeded directly to sentencing. The district court began by pronouncing Frazier's criminal history category, the stipulated offense level under the proposed plea agreement, and the applicable guideline range of 135 to 168 months. The district court then allowed the government, defense counsel, and Frazier the opportunity to speak. Defense counsel stated that Frazier had asked "several intelligent questions" and that defense counsel believed that Frazier was competent to proceed with the plea hearing. J.A. 50-51.

6

The district court then considered the proposed 144 month sentence, noting that such a sentence was consistent with the plea agreements offered to Frazier's co-defendants. The district court concluded that, having already tried one of Frazier's co-defendants and being thoroughly familiar with the particular facts of the case, the proposed sentence was "in the range of reasonableness," and ultimately accepted the 144 month sentence as the appropriate term of imprisonment. J.A. 75.

## II.

Frazier now appeals his sentence, contending that (1) the district court erred by not holding a competency hearing to determine whether he could proceed to trial; and (2) that the district court erred by sentencing him to the agreed upon 144 month term of imprisonment.

## A.

We hold that the district court did not abuse its discretion in failing to order a competency hearing. Title 18, United States Code, Section 4241(a) requires a district court to hold such a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Even if no

7

motion is made by counsel, "[t]he district court must *sua sponte* order a competency hearing if reasonable cause is demonstrated." United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). Whether reasonable cause has been demonstrated, however, is left to the discretion of the district court. Id. at 1289.

Frazier's challenge on appeal is a "procedural competency claim," that is, he need not demonstrate that he was in fact incompetent at the time of his guilty plea and sentencing, but merely that the district court erred by not ordering a competency hearing. United States v. Banks, 482 F.3d 733, 742 (4th Cir. 2007). "To prevail, the defendant must establish that the trial court ignored facts raising a bona fide doubt regarding the defendant's competency to stand trial." Walton v. Angelone, 321 F.3d 442, 459 (4th Cir. 2003) (internal quotation marks omitted).[2]

We review the district court's determination that no reasonable cause existed to order a competency hearing for abuse of discretion, under which, "this Court may not substitute its

---

[2] While Frazier waived his right to appeal in his plea agreement, a criminal defendant may not "plead guilty unless he does so 'competently and intelligently.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 468 (1938)).

judgment for that of the district court; rather, we must determine whether the court's exercise of discretion, considering the law and the facts, was arbitrary or capricious." Mason, 52 F.3d at 1289.

Appellant's principal contention is that the district court should have deferred to defense counsel's impression that he was under the influence of narcotics rendering him unable to assist in his own defense. He further contends that the district court's observations regarding Frazier's competency were "qualitatively less meaningful" than those of defense counsel, who had the "unique vantage point" of observing his behavior numerous times over a six-month period. According to appellant, the district court's interaction with him was brief and involved "little back-and-forth discussion."

Besides defense counsel's own statements of what he and his investigators had observed, nothing before the district court suggested that Frazier was incompetent to assist in his own defense. The district court accepted as true defense counsel's impression, but determined that reasonable cause did not exist to suspect that Frazier was incompetent to stand trial in the face of other available evidence. See Mason, 52 F.3d at 1290 ("The trial court must look at the record as a whole and accept as true all evidence of possible incompetence in determining

9

whether to order a competency hearing.") (internal quotation marks omitted).

"The district court should examine all of the record evidence pertaining to the defendant's competence, including: (1) any history of irrational behavior; (2) the defendant's demeanor at and prior to sentencing; and (3) prior medical opinions on competency." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (citing United States v. General, 278 F.3d 389, 397 (4th Cir. 2002)) (internal quotation marks omitted). Here, the district court properly considered that Frazier had not tested positive for drug use at the detention facility where he was being held, a fact which was bolstered by Frazier's own statement that although he "smoked," he had never tested positive during any urinalysis. Instead, Frazier attributed any odd behavior that defense counsel may have noticed to stress and anxiety, for which he was prescribed medication.

The district court further noted that Frazier, in a series of pro se letters to the court, had demonstrated that he was clearly capable of expressing himself and was not delusional. Frazier contends that such statements indicate that the district court applied the wrong standard in determining his competency. Under § 4241(a), a competency hearing is required if there is reasonable cause to believe a defendant is "unable to understand

10

the nature and consequences of the proceedings against him *or* to assist properly in his defense." 18 U.S.C. § 4241(a) (emphasis added). According to Frazier, the district court's statements indicate that it failed to consider whether he was competent to assist in his own defense.

A complete and thorough review of the transcript, however, reveals that this argument mischaracterizes the district court's analysis during the *ex parte* hearing. Furthermore, it puts the cart before the horse in the § 4241 analysis in that it assumes the district court had determined that Frazier was suffering from a mental disease or defect. By its terms, § 4241 presupposes that before a district court analyzes the effect a defendant's mental disease or defect may have on defendant's competency to understand the nature and consequences of the proceedings against or to assist properly in his defense, it has already found that the defendant does indeed suffer from such a mental disease or defect. Here, the district court's questioning and analysis indicates that it was simply considering all available evidence to determine whether Frazier suffered from any mental affliction to begin with. After properly determining that Frazier was not suffering from a mental disease or defect, there was no need to continue the analysis. The fact that Frazier was taking Neurontin and Prozac

11

does not necessarily mean that he was suffering from a mental disease or defect.

Frazier suggests that the district court should have ordered a psychiatric evaluation under § 4241(b), but provides no indication of how the district court abused in its discretion in declining to do so. Setting aside the fact that subsection (b) provides that "the court *may* order a psychiatric or psychological examination," nothing in the record suggests that such an examination would have aided the district court in its determination. 18 U.S.C. § 4241(b) (emphasis added). Frazier contends that an evaluation was warranted because the source of Frazier's cognitive difficulty was not clear. Again, Appellant's argument assumes too much by concluding that Frazier was indeed suffering from cognitive difficulty when, besides defense counsel's impression, nearly all the available evidence was to the contrary. As the district court noted, Frazier may have exhibited odd behavior, but that "just seem[ed] to be his manner." And when Frazier was allowed the opportunity to speak about his counsel's concerns, he attributed his odd behavior to stress, depression, and the medication he had been prescribed. Frazier did not show any sign of incompetency during the *ex parte* hearing or the sentencing hearing. He was able to understand the district court's questions and concerns without any difficulty and respond precisely and cogently. Further,

when the issue of Frazier's competency arose during the plea hearing, defense counsel abandoned his earlier concerns and stated that he believed Frazier was "competent to proceed." J.A. 50-51.

The requirement of § 4241(a) that the district court grant a competency hearing when reasonable cause exists cannot be expanded to require such a hearing whenever defense counsel raises concerns regarding his client's competency or where a defendant takes prescribed medication. Ultimately, it is up to the district court in its discretion to determine whether reasonable cause exists to require a competency hearing. We therefore find that the district court did not abuse its discretion in failing to order a hearing to determine Frazier's competency to stand trial.

### B.

Appellant next contends the district court erred by deferring to the plea agreement in determining Frazier's sentence of 144 months imprisonment. The plea agreement in this case was proffered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Under Rule 11(c)(1)(C), the parties may stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case." FED.R.CRIM.P. 11(c)(1)(C). "[S]uch a recommendation or request binds the court once the court accepts the plea agreement." Id. In this case, the

parties agreed in the plea agreement that 144 months imprisonment was the appropriate sentence.

Appellant contends that the district court erred by not first independently determining the appropriate sentence and then, considering that sentence, deciding whether it could accept defendant's plea. Title 18, United States Code, Section 3553(a) requires district courts to "impose a sentence sufficient, but not greater than necessary, to comply with the" four congressionally mandated goals of sentencing. 18 U.S.C. § 3553(a)(2). In determining the appropriate sentence for a defendant, § 3553(a) requires the court to consider these goals as well as the other factors listed in subsection (a).

Appellant contends that the district court erred because it failed to consider these factors in determining Frazier's sentence. According to Appellant, the district court applied the wrong standard and accepted the plea because the recommended 144 month sentence was "in the range of reasonableness." J.A. 75; see United States v. Tucker, 473 F.3d 556, 561 (4th Cir. 2007) (holding that a district court's mission in sentencing is not to impose a 'reasonable' sentence but rather, one sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)). By not first determining the appropriate sentence, Appellant argues, the district court "abdicat[ed] its constitutional duty to exercise its own

14

independent judgment in sentencing Mr. Frazier." Appellant's Br. 38.

The government contends that this court need not reach this issue as Frazier waived his right to appeal his sentence in his plea agreement and that this portion of his appeal must be dismissed. "Whether a defendant has effectively waived his statutory right to appeal his sentence is a question of law subject to de novo review." General, 278 F.3d at 399. We "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012). Frazier's plea agreement contains the following provision:

> The Defendant and this Office knowingly waive all right . . . to appeal whatever sentence imposed . . . except as follows: (i) the Defendant reserves the right to appeal any sentence to the extent that it exceeds 144 months imprisonment; and (ii) this Office reserves the right to appeal any term of imprisonment to the extent that it is below 144 months' imprisonment.

J.A. 85.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Whether an appeal waiver was knowing and intelligent is determined based on the totality of the circumstances and "must depend, in each case, upon the particular facts and

15

circumstances surrounding that case, including the background, experience, and conduct of the accused." Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

In this case, the record fully establishes that Frazier knowingly and intelligently waived his right to appeal his sentence if it did not exceed 144 months. During the plea colloquy the district court unambiguously informed Frazier of the appeal waiver in his plea agreement. The district court explained that should he be convicted at trial, he would have the right to appeal his conviction. By signing the plea agreement, the district court explained, he would be waiving his right to appeal the conviction. The district court also explained that under the plea agreement Frazier would waive his right to appeal any sentence not greater than 12 years. Frazier's unequivocal response was that he understood and that he wished to move forward with his guilty plea. Moreover, Frazier discussed the plea agreement with defense counsel and confirmed that he was satisfied that he was "doing the right thing" by waiving his right to appeal any sentence in excess of 12 years. J.A. 55.

Appellant contends that the appeal waiver is not valid because "the district court never validly accepted" the plea agreement. Appellant's Br. 47. Appellant contends that because the district court failed to exercise its sentencing authority

16

to independently determine the appropriate sentence, the plea agreement was never validly accepted, and because the plea was never validly accepted, the plea waiver has no vitality.

Whether the district court was required to consider the § 3553(a) factors to determine the appropriate sentence before accepting Frazier's plea has no impact on the valid appeal waiver in the plea agreement. The acceptance of a plea and sentencing are two separate and distinct phases of criminal procedure. Acceptance of a plea is governed by Federal Rule of Criminal Procedure 11(b) while sentencing is governed by Rule 32. Not only is there no binding authority for Appellant's proposition, Federal Rule of Criminal Procedure 11(d) recognizes that acceptance of a plea is distinct from sentencing, as a plea may be withdrawn "after the court accepts the plea, but before it imposes sentence." FED.R.CRIM.P.11(d)(2). Because Frazier knowingly and intelligently waived his right to appeal any sentence in excess of 12 years pursuant to his plea agreement, we dismiss his sentencing challenge.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

<u>AFFIRMED</u>

17

TRAXLER, Chief Judge, concurring in the result:

I agree, for the reasons expressed by the majority, that the district court did not abuse its discretion in failing to order a competency hearing. However, because my analysis of the other issue Frazier raises differs from that of the majority, I write separately.

When a defendant pleads guilty to a charged offense, Federal Rule of Criminal Procedure 11(c)(1)(C) allows the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." When the parties reach this type of agreement ("a C-plea"), "the court may accept the agreement, reject it, or defer" its decision until after reviewing the presentence report. Fed. R. Crim. P. 11(c)(3)(A). Yet although the court is free to accept or reject the plea agreement, the parties' agreed-upon sentence "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C). Frazier contends that the district court erred in accepting his C-plea without finding that the agreed-upon sentence was sufficient but not greater than necessary to serve the sentencing goals identified in 18 U.S.C. § 3553.

The government argues that we need not review the merits of Frazier's argument because Frazier's plea agreement contains a waiver of his right to appeal a sentence of 144 months, the sentence Frazier received. I disagree. If Frazier is correct

19

that the district court committed reversible error in accepting the plea agreement, then the agreement is invalid and neither side is bound by the terms therein, including the appellate waiver. See United States v. Portillo-Cano, 192 F.3d 1246, 1250 (9th Cir. 1999). I therefore turn to the merits of Frazier's argument.

Because Frazier asserts it for the first time on appeal, our review is for plain error only. See United States v. Olano, 507 U.S. 725, 732 (1993). To succeed on plain-error review, a defendant must show: (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights. See id. Even if a defendant can satisfy these requirements, correction of the error remains in the court's discretion, which it "should not exercise . . . unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and alteration omitted).

Sentencing Guidelines § 6B1.2(c) governs whether a district court should approve a plea agreement that includes a specific sentence. The policy statement states that

the court may accept the agreement if the court is satisfied either that:

(1) the agreed sentence is within the applicable guideline range; or

20

> (2) (A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity in the statement of reasons form.

U.S.S.G. § 6B1.2(c) p.s.; see Freeman v. United States, 131 S. Ct. 2685, 2692 (2011) (plurality opinion); id. at 2696 (Sotomayor, J., concurring in the judgment).

Here, the district court explicitly noted that the parties had stipulated that the applicable guideline range was 135 to 168 months, and Frazier does not argue otherwise now. In arguing that the district court's finding that the agreed-upon sentence was reasonable did not provide a sufficient basis for the district court to adopt the plea agreement, Frazier does not make reference to U.S.S.G. § 6B1.2(c). Rather, he argues that, in order to validly adopt the agreement, the district court needed to explicitly find that the agreed-upon sentence was "'sufficient, but not greater than necessary'" to accomplish the goals of sentencing. Kimbrough v. United States, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)). Essentially, his argument would allow the district court to accept a C-plea only if the agreed-upon sentence were exactly the sentence that the district court would have imposed if left to its own devices. I am not aware of any case that has limited a district court's discretion regarding whether to accept a C-plea in this way, and such a limitation would seem to be at odds with U.S.S.G. §

21

6B1.2(c).  Thus, in my view, the district court did not err –
and certainly did not plainly err – in approving the agreement.