TRAXLER, Chief Judge,
concurring in the result.
I agree, for the reasons expressed by the majority, that the district court did not abuse its discretion in failing to order a competency hearing. However, because my analysis of the other issue Frazier raises differs from that of the majority, I write separately.
When a defendant pleads guilty to a charged offense, Federal Rule of Criminal Procedure 11(c)(1)(C) allows the parties to “agree that a specific sentence or sentencing range is the appropriate disposition of the case.” When the parties reach this type of agreement (“a C-plea”), “the court may accept the agreement, reject it, or defer” its decision until after reviewing the presentence report. Fed.R.Crim.P. 11(c)(3)(A). Yet although the court is free to accept or reject the plea agreement, the parties’ agreed-upon sentence “binds the court once the court accepts the plea agreement.” Fed.R.Crim.P. 11(c)(1)(C). Frazier contends that the district court erred in accepting his C-plea without finding that the agreed-upon sentence was sufficient but not greater than necessary to *192 serve the sentencing goals identified in 18 U.S.C. § 3558.
The government argues that we need not review the merits of Frazier’s argument because Frazier’s plea agreement contains a waiver of his right to appeal a sentence of 144 months, the sentence Frazier received. I disagree. If Frazier is correct that the district court committed reversible error in accepting the plea agreement, then the agreement is invalid and neither side is bound by the terms therein, including the appellate waiver. See United States v. Portillo-Cano, 192 F.3d 1246, 1250 (9th Cir.1999). I therefore turn to the merits of Frazier’s argument.
Because Frazier asserts it for the first time on appeal, our review is for plain error only. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To succeed on plain-error review, a defendant must show: (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights. See id. Even if a defendant can satisfy these requirements, correction of the error remains in the court’s discretion, which it “should not exercise ... unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id. (internal quotation marks and alteration omitted).
Sentencing Guidelines § 6B 1.2(c) governs whether a district court should approve a plea agreement that includes a specific sentence. The policy statement states that
the court may accept the agreement if the court is satisfied either that:
(1) the agreed sentence is within the applicable guideline range; or
(2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity in the statement of reasons form.
U.S.S.G. § 6B1.2(c) p.s.; see Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 2692, 180 L.Ed.2d 519 (2011) (plurality opinion); id. at 2696 (Sotomayor, J., concurring in the judgment).
Here, the district court explicitly noted that the parties had stipulated that the applicable guideline range was 135 to 168 months, and Frazier does not argue otherwise now. In arguing that the district court’s finding that the agreed-upon sentence was reasonable did not provide a sufficient basis for the district court to adopt the plea agreement, Frazier does not make reference to U.S.S.G. § 6B1.2(c). Rather, he argues that, in order to validly adopt the agreement, the district court needed to explicitly find that the agreed-upon sentence was “ ‘sufficient, but not greater than necessary’ ” to accomplish the goals of sentencing. Kimbrough v. United States, 552 U.S. 85, 101, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (quoting 18 U.S.C. § 3553(a)). Essentially, his argument would allow the district court to accept a C-plea only if the agreed-upon sentence were exactly the sentence that the district court would have imposed if left to its own devices. I am not aware of any case that has limited a district court’s discretion regarding whether to accept a C-plea in this way, and such a limitation would seem to be at odds with U.S.S.G. § 6B1.2(c). Thus, in my view, the district court did not err — and certainly did not plainly err — in approving the agreement.