**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10107 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00177-KJM |
| v. | |
| MIGUEL ANGEL FLORES-MENDEZ, a.k.a. Jose Manuel Garcia Pacheco, a.k.a. Migue, a.k.a. Miguel, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Miguel Angel Flores-Mendez appeals from the district court's judgment and

challenges his guilty-plea conviction for conspiracy to distribute and to possess

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Florez-Mendez contends that his guilty plea was involuntary because the district court advised him that he "could" be removed from the United States as a result of his conviction rather than advising him that he "would" be removed. As a preliminary matter, this appeal is not subject to immediate dismissal under the appeal waiver provision of the plea agreement because the sole issue on appeal pertains to the voluntariness of his guilty plea and adequacy of the plea colloquy. *See United States v. Portillo-Cano*, 192 F.3d 1246, 1249-50 (9th Cir. 1999).

Nevertheless, our precedent forecloses Flores-Mendez's contention that due process requires district courts to advise a criminal defendant of the specific immigration consequences that he or she faces as a result of a guilty plea. *See United States v. Delgado-Ramos*, 635 F.3d 1237, 1241 (9th Cir. 2011). Furthermore, the district court complied with the Rule 11 requirement to advise Flores-Mendez generally that he "may be removed from the United States, denied citizenship, and denied admission to the United States in the future" as a result of his conviction. Fed. R. Crim. P. 11(b)(1)(O); *see also id.*, advisory committee's note to 2013 amendment.

**AFFIRMED.**