**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50056 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:19-cr-00572-JFW-1 |
| | 2:19-cr-00572-JFW |
| EBRAHIM KALATEHE, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted June 6, 2022
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

In August 2019, law enforcement arrested Ebrahim Kalatehe for opium trafficking.  Kalatehe initially pleaded not guilty to all counts alleged in the indictment.  He then filed a motion to suppress evidence and a motion to compel production.  Kalatehe also requested an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court denied both motions and Kalatehe's request for a *Franks* hearing. Kalatehe then pleaded guilty and was sentenced to 120 months' imprisonment. Kalatehe now appeals the district court's denial of his motion to compel, motion to suppress, and request for a *Franks* hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Kalatehe argues that the district court erred in denying his motion to compel because the materials he sought were discoverable as favorable evidence or as impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).

Because Kalatehe "cannot point to any existing favorable evidence to support his speculation" that the government did not produce *Brady* evidence, we review for an abuse of discretion. *United States v. Lucas*, 841 F.3d 796, 802–03 (9th Cir. 2016). To prevail, Kalatehe was required to "either make a showing of materiality under Rule 16 [of the Federal Rules of Criminal Procedure] or otherwise demonstrate that the government improperly withheld favorable evidence." *Id.* at 808. His motion could not rest on "mere speculation about materials in the government's files." *Id.* (citation omitted).

Kalatehe's arguments fail because they rely on such speculation. *See id.* at 808–09; *Runningeagle v. Ryan*, 686 F.3d 758, 767, 769–70 (9th Cir. 2012). Further, Kalatehe fails to demonstrate that production of these materials, assuming they existed, would "undermine confidence" in the denial of his motion to

suppress. *Kyles v. Whitley*, 514 U.S. 419, 435 (1995); *see also United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002); *United States v. Lopez-Alvarez*, 970 F.2d 583, 598 (9th Cir. 1992). The district court did not abuse its discretion.

2. Kalatehe argues that the evidence against him should have been suppressed because it was tainted by a purportedly illegal 2015 pen register and because information derived from a separate 2015 undercover operation was stale and unreliable.

We review the district court's denial of the motion to suppress de novo and its factual findings for clear error. *United States v. Peterson*, 995 F.3d 1061, 1064 (9th Cir. 2021). We affirm the district court for two reasons.

First, Kalatehe does not challenge the district court's conclusion that law enforcement had probable cause to arrest him and search his vehicle based on his speeding, reckless driving, and attempts to evade police. Kalatehe also does not challenge the district court's conclusion that even assuming the search warrant for his apartment was not supported by probable cause, law enforcement relied in good faith on its validity. Because Kalatehe did not "specifically and distinctly" argue against these conclusions in his opening brief, he has waived any challenge to them. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *see* Fed. R. App. P. 28(a). Because these independent bases for probable cause support denying the

motion to suppress, Kalatehe's waiver is sufficient to affirm the district court's ruling. *Cf. United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

Second, even if Kalatehe's waiver is overlooked, the challenges he does raise are without merit. There is nothing in the record to suggest that the 2015 pen register that captured Kalatehe's phone number played a role in the 2015 undercover operation or in the 2019 investigation that led to his arrest.[1] There is also nothing in the record to suggest that the pen register was illegal. *Cf. United States v. Reed*, 575 F.3d 900, 913 (9th Cir. 2009) (rejecting the "highly speculative" theory that wiretap was illegal). And even if the pen register were illegal, suppression would likely be inappropriate. *See United States v. Forrester*, 512 F.3d 500, 509, 512–13 (9th Cir. 2008) (as amended).

As for the purportedly stale evidence derived from the 2015 undercover operation, the age of the information "is not controlling," *United States v. Flores*, 802 F.3d 1028, 1043 (9th Cir. 2015) (citation omitted), and it must be "evaluated 'in light of the particular facts of the case,'" *United States v. Ped*, 943 F.3d 427, 431 (9th Cir. 2019) (citation omitted). Because the information derived from the 2015 undercover operation formed only a small part of the evidence supporting probable cause to search Kalatehe, its role in the investigation does not compel

---

[1] During oral argument, Kalatehe suggested that the 2015 pen register may in fact have been a wiretap. Nothing in the record suggests the district court clearly erred in finding that the device in question was a pen register, not a wiretap.

suppression.  *Cf. United States v. Perkins*, 850 F.3d 1109, 1120–21 (9th Cir. 2017); *see also Burrell v. McIlroy*, 464 F.3d 853, 857–58 & n.3 (9th Cir. 2006) (as amended) (observing that law enforcement may consider a defendant's prior criminal history "as part of the total calculus of information in [probable cause] determinations").  The record also does not support Kalatehe's argument that this information was unreliable, because, as the district court found, the information was based on an officer's direct observations of Kalatehe's actions.

3.      Kalatehe argues that he showed an entitlement to a *Franks* hearing because the affidavit in support of the search warrant for his apartment omitted information about the 2015 undercover operation.  *See United States v. Norris*, 942 F.3d 902, 909–10 (9th Cir. 2019) (setting forth the standard for granting a *Franks* hearing).

Reviewing the district court's denial de novo and its factual findings for clear error, we affirm.  *See United States v. Christie*, 825 F.3d 1048, 1069 (9th Cir. 2016).  Even if the purportedly omitted material were added into the affidavit, there would still be probable cause to search Kalatehe's apartment.  *See Norris*, 942 F.3d at 910 ("The key inquiry in resolving a *Franks* motion is whether probable cause remains once any misrepresentations are corrected and any omissions are supplemented.").

**AFFIRMED.**