**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50248 |
| Plaintiff-Appellee, | D.C. No.<br>2:20-cr-00146-CJC-1 |
| v. | |
| FABIAN ALEJANDRO MANZO, AKA<br>Tragic, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 16, 2023[**]
Pasadena, California

Before:  O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.

Fabian Manzo appeals the district court's denial of his motion to suppress

the firearm, drugs, and drug paraphernalia seized during a traffic stop of his

vehicle.  We have jurisdiction under 28 U.S.C. § 1291.  We review the district

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's denial of the motion to suppress de novo and its factual findings for clear error. *United States v. Peterson*, 995 F.3d 1061, 1064 (9th Cir. 2021). "Whether a person is entitled to *Miranda* warnings is an issue of law to be reviewed de novo." *United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir. 2001). We affirm.

1.      Manzo does not contend that the officers lacked reasonable suspicion to stop his vehicle or that they could not order him to exit the vehicle. Rather, he argues that the district court clearly erred in finding that Officer Vasquez's inquiry whether Manzo had "anything on [him that he was] not supposed to have" was intended to address safety concerns. Manzo argues this question was instead "intended to elicit an incriminating admission."

"[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (internal citations omitted). Vasquez had previously arrested Manzo for unlawfully possessing a firearm, knew Manzo was a member of the East Side Longo gang, and the stop occurred in "a high crime area" known to be "frequented by" the gang. Vasquez expressed these concerns to Manzo when instructing him to exit the car, just before asking whether he had anything he was "not supposed to have." We find no clear error in the district court's decision on this point.

2

Vasquez did not need to give a *Miranda* warning before his inquiry. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (holding that "persons temporarily detained pursuant to" ordinary traffic stops are not "in custody," so no *Miranda* warning is required).

2.      The officers had probable cause to arrest Manzo after the stop because Manzo admitted to possessing "dope." *See United States v. Pope*, 686 F.3d 1078, 1084 (9th Cir. 2012) ("When [the defendant] admitted that he was in possession of marijuana, [the officer] obviously had probable cause to arrest him for possession of a controlled substance."). The search of Manzo did not need to "be delayed until the arrest [was] effected." *United States v. Smith*, 389 F.3d 944, 951 (9th Cir. 2004) (per curiam). And, because it was "reasonable to believe evidence relevant to the crime of arrest might be found" in Manzo's vehicle, the search of the car was also reasonable. *Arizona v. Gant*, 556 U.S. 332, 343–44 (2009) (quoting *Thornton v. United States*, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)) (listing "drug offenses" as example of offense for which police could expect to find evidence in the vehicle).

3.      Manzo admits his argument is foreclosed by precedent but contends that the precedent "should be revisited." But "[b]inding authority must be followed unless and until overruled by a body competent to do so." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). Our three-judge panel is not such

3

a body.  *See id.* at 1171.

**AFFIRMED.**