**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. RUIXUE SHI, AKA Serena Shi, Defendant-Appellant. | No. 22-50285 D.C. No. 2:20-cr-00350-RGK-1 Central District of California, Los Angeles MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 11, 2024**
Pasadena, California

Before: TALLMAN, CALLAHAN, and BENNETT, Circuit Judges.

Defendant-appellant, Ruixue Shi, appeals the district court's denial of her motion to withdraw her guilty plea. Shi asserts that the district court erred by denying her motion to withdraw her guilty plea. The government argues Shi waived

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her right to appeal in her plea agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291. We presume the parties' familiarity with the facts of the case and do not discuss them in detail here. The district court's judgment is affirmed.

"We review de novo the validity of an appeal waiver." *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2016). We review the "denial of a motion to withdraw a guilty plea for abuse of discretion." *United States v. Peterson*, 995 F.3d 1061, 1064 (9th Cir. 2021) (quoting *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008)), *cert. denied*, 142 S. Ct. 472 (2021).

A waiver of appellate rights "is enforceable if (1) the language of the waiver encompasses [her] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021) (internal quotations and citations omitted). "To discern whether a waiver is knowing and voluntary, we must ask 'what the defendant reasonably understood to be the terms of the agreement when [s]he pleaded guilty.'" *Medina-Carrasco*, 815 F.3d at 461 (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)).

"[P]lea agreements are contractual in nature and are measured by contract law standards." *Goodall*, 21 F.4th at 561 (quoting *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000)). We "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *United States v. Jeronimo*,

398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007). Here, in her plea agreement, Shi agreed to "waiv[e] and giv[e] up any right to appeal [her] conviction," "with the exception of an appeal based on a claim that [her] guilty plea was involuntary."

We have found that the waiver of the right to appeal a conviction "encompasses [a defendant's] claims that the district court erred in refusing to allow [her] to withdraw [her] plea." *United States v. Minasyan*, 4 F.4th 770, 777 n.3 (9th Cir. 2021). Thus, Shi's waiver encompasses all issues raised in her present appeal from the district court's denial of the motion to withdraw her guilty plea, except a claim that her guilty plea was not voluntary.

Accordingly, we must determine if Shi has shown that her plea was involuntary or unknowing. In making this determination, we look "to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." *United States v. Lo*, 839 F.3d 777, 783–84 (9th Cir. 2016) (quoting *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996)). "A district court is required to inform the defendant of 'the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'" *Lo*, 839 F.3d at 784 (quoting Fed. R. Crim. P. 11(b)(1)(N)). Providing that information is "sufficient to find a knowing and

3

voluntary waiver." *Id.* (quoting *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009)).

Shi argues that her plea agreement was not made knowingly and voluntarily because: (1) she was involuntarily pressured into pleading guilty by her attorneys, (2) she did not understand what she was pleading guilty to, and (3) she did not understand the effects the plea agreement would have on the length of her sentence. None of her arguments are persuasive.

While the district court denied a third stipulation to continue the trial, there is no indication that when Shi pled guilty five weeks before the revised trial date, her attorneys pressured Shi into pleading guilty because they could not prepare for trial. Indeed, Shi certified in her plea agreement that "I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney." One of Shi's attorneys had been on the case for over a year. She further certified that "[n]o one has threatened or forced me in any way to enter into this agreement," and that she was "satisfied with the representation of [her] attorney in this matter." At the change of plea hearing, Shi stated that she was "[v]ery satisfied" with her attorney's advice. These statements explicitly contradict what Shi states in her November 15, 2021, letter, which was the only evidence offered in support of her motion to withdraw her plea. Shi has not shown that her attorneys improperly pressured her to plead guilty.

Shi's claim that she did not enter into the agreement knowingly because she was "totally ignorant of legal procedure in the United States," is belied by the record. Shi is a college graduate who spoke English well enough to address the court on her own at the change of plea hearing. Shi was at all times provided with an interpreter that translated the plea agreement and other proceedings into Mandarin. Moreover, the district court conducted a very thorough Rule 11 colloquy with Shi, in which it specifically asked whether Shi understood that "[she] would be waiving [her] appeal of a conviction, and that [she] would be waiving [her] right to appeal the sentence as long as there's no more than 20 years." Shi certified in the plea agreement that she "underst[ood] the terms of this agreement, and [she] voluntarily agree[d] to those terms."

Similarly, Shi's claim that she did not appreciate that she faced a possible 20-year sentence is contrary to the record. In her November 15, 2021, letter she relates that she thought that her plea would result in a sentence of 68 months and that she did not know she could get a longer sentence. However, during the plea colloquy, the court told Shi there was "no agreement" as to "sentencing factors." Furthermore, the court asked: "This is a type of offense that under the statute could be punished by up to a maximum of 20-years imprisonment, a three-year period of supervised release, a fine of $250,000 or twice the gross gain or loss, resulting from the offense, whichever's greatest, and a mandatory special assessment of $100. Do you

understand that?" Shi replied, "Yes, I do." The court also explicitly asked Shi if she understood that she was "waiving your right to appeal the sentence as long as there's no more than 20 years." Shi said, "Yes." Shi has not shown that her 20-year sentence was unanticipated.

Shi's plea agreement waived her right to appeal any claim other than that her plea was involuntary, including a claim that the district court erred in denying her motion to withdraw her guilty plea. Liberally construing Shi's briefs on appeal to encompass a claim that her underlying plea was involuntary, we determine that her guilty plea was entered knowingly and voluntarily.

The district court's judgment is **AFFIRMED**.

6