NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30012 |
| Plaintiff-Appellee, | D.C. No. 4:21-cr-00033-BLW-4 |
| v. | |
| SIMON MARTINEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted August 19, 2024
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

Defendant Simon Martinez ("Martinez") pled guilty to possession with intent to distribute controlled substances (methamphetamine), reserving the right to appeal the denial of his suppression motion.  He also appeals the refusal to allow his second appointed counsel to withdraw shortly before sentencing.  We review the denial of Martinez's motion to suppress de novo, *United States v. Peterson*, 995 F.3d 1061,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1064 (9th Cir. 2021), the denial of the motion for substitution of counsel for an abuse of discretion, *United States v. Franklin*, 321 F.3d 1231, 1238 (9th Cir. 2003), and we affirm.

There was no error in denying Martinez's motion to suppress evidence obtained during his traffic stop and arrest. Based on the evidence adduced at the evidentiary hearing, which included multiple confidential informants and co-defendants who named Martinez as a major supplier, investigating officers had probable cause to arrest Martinez for his role in the major drug conspiracy they had been investigating. A warrantless arrest may be conducted if officers have probable cause that a crime has been committed. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). Where, as here, a uniformed officer is directed to make a "walled off" traffic stop on behalf of other detectives with more complete knowledge of Martinez's activities, the doctrine of collective knowledge operates to supply the necessary probable cause. *United States v. Ramirez*, 473 F.3d 1026, 1032–37 (9th Cir. 2007). Because it was reasonable to believe that Martinez's vehicle contained evidence of his drug trafficking offenses, arresting officers could search his vehicle consistent with the Fourth Amendment. *Arizona v. Gant*, 556 U.S. 332, 351 (2009). We affirm the denial of the motion to suppress.

Nor was there an abuse of discretion by denying Martinez's motion to substitute appointed counsel shortly before sentencing. In evaluating this decision,

we consider: "(1) the timeliness of the substitution motion and the extent of resulting inconvenience or delay; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it prevented an adequate defense." *United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010). Here, the district court adequately investigated the nature of the disagreement between Martinez and his counsel, found that Martinez and his counsel were still communicating, and determined that it was at most a minor dispute about sentencing strategy. *See Stenson v. Lambert*, 504 F.3d 873, 887 (9th Cir. 2007) (disagreements over strategy do not rise to the level of complete breakdown in communication). The court also noted that substitution of counsel would create inconvenience and delay as it was only two weeks until scheduled sentencing and the court and at least two other co-defendants would be affected by any delay. Thus, it was not an abuse of discretion to deny the motion.

    **AFFIRMED.**