NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2958 |
| Plaintiff - Appellee, | D.C. No.<br>4:21-cr-00199-DCN-1 |
| v. | |
| BENJAMIN C. BROOKS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted November 21, 2024[**]
Seattle, Washington

Before: MILLER, LEE, and H.A. THOMAS, Circuit Judges.

Benjamin C. Brooks appeals his conviction for possession of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brooks's sole argument is that the district court erred in denying his motion to suppress evidence found in a search of his car. We review the district court's ruling on a motion to suppress de novo, and we review the underlying findings of fact for clear error. *United States v. Peterson*, 995 F.3d 1061, 1064 (9th Cir. 2021).

The district court found that Corporal Scheierman smelled marijuana during "his initial contact with Brooks [which] took place before he lowered his head to explain the purpose of the stop." That finding is dispositive of Brooks's Fourth Amendment claim because it establishes that Scheierman had probable cause to search the vehicle before he entered it, so the evidence found during the search was admissible. *See United States v. Guzman-Padilla*, 573 F.3d 865, 886 n.5 (9th Cir. 2009); *United States v. Garcia-Rodriguez*, 558 F.2d 956, 964–65 (9th Cir. 1977).

The district court's finding was not clearly erroneous. At the suppression hearing, Scheierman testified that "upon [Brooks] rolling down the window and then starting to speak with him is when I could detect the odor of marijuana." When asked what he did *after* smelling marijuana, Scheierman testified, "I advised [Brooks] of the reason why I had stopped him, advised him the window tint was too dark for Idaho, obtained his driver's license." The dash-cam video shows that Scheierman did not lower his head to cross the threshold of the vehicle's window until after he asked Brooks to roll down the passenger window, and after he began to tell Brooks that the window tint was too dark. The record therefore supports the

finding that Scheierman smelled marijuana before any entry into the vehicle.

**AFFIRMED.**[1]

---

[1] Brooks's counsel's motion to participate in oral argument (Dkt. No. 9) is DENIED as moot.