**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDREW JAMES VILCAUSKAS, Jr.,
DBA WebsiteBackup LLC,

    Defendant - Appellant.

No. 24-1516

D.C. No.
2:19-cr-00752-DGC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 10, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.[***]

Andrew Vilcauskas, Jr. appeals the district court's order denying his motion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion to withdraw a plea for abuse of discretion. *United States v. Peterson*, 995 F.3d 1061, 1064 (9th Cir. 2021). We dismiss Vilcauskas's appeal in part, and affirm in part.

1. "We have consistently read general waivers of the right to appeal to cover all appeals," including "an appeal from the denial of a motion to withdraw a guilty plea." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011). Vilcauskas broadly waived "any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction," with the exception of "otherwise-preserved claim[s] of ineffective assistance of counsel or of 'prosecutorial misconduct.'" We therefore dismiss the appeal to the extent Vilcauskas challenges the district court's decision to deny the motion to withdraw based on newly discovered evidence. *See United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993) (holding that appeal waiver barred challenge to district's court's denial of sentence modification based on newly discovered evidence).

2. The district court did not abuse its discretion in denying Vilcauskas's motion to withdraw his plea based on ineffective assistance or inadequate legal advice.[1] "When a convicted defendant complains of the ineffectiveness of

---

[1] We assume, without deciding, that the exception in the appeal waiver allows review of an order denying a motion to withdraw a plea based on ineffective assistance of counsel. *See United States v. Jacobo Castillo*, 496 F.3d 947, 949 (9th

counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Leeds v. Russell*, 75 F.4th 1009, 1018 (9th Cir. 2023) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Vilcauskas does not show that his attorney's representation fell below an objective standard of care. The record reflects that Vilcauskas's attorney conducted an investigation into whether WebsiteBackup, LLC provided services to clients, and, in connection with that investigation, interviewed several potential witnesses that Vilcauskas identified, who either declined to cooperate or failed to corroborate Vilcauskas's contentions. *See Cullen v. Pinholster*, 563 U.S. 170, 197 (2011) ("There comes a point where a defense attorney will reasonably decide that another strategy is in order, thus mak[ing] particular investigations unnecessary" (internal quotation marks and citation omitted)). Moreover, the record reflects that when Vilcauskas entered the plea, he was aware of his attorneys' purportedly deficient investigation. Vilcauskas had twice complained to the court that his attorney was declining to interview potential witnesses Vilcauskas had identified. *See United States v. Mayweather*, 634 F.3d 498, 506 (9th Cir. 2010) ("We have never held that [Rule 11] embraces circumstances known to a defendant at the time of the guilty plea . . . .").

---

Cir. 2007) (holding that appeal waivers do not strip the court of jurisdiction to consider an otherwise justiciable appeal).

Nor does Vilcauskas show that his attorney provided inadequate legal advice. The record does not reflect that Vilcauskas's attorney failed to explain the government's theory as to how Vilcauskas' "deceived and cheated" his victims for purposes of 18 U.S.C. §§ 1341 and 1343. *See United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) (discussing the meaning of "deceive and cheat"). Moreover, the record shows Vilcauskas was aware of the government's theory. Both the indictment and plea agreement explained that Vilcauskas "deceived" his victims into believing that they owed him money for services "never sought, wanted or received." The district court also read the government's allegations to Vilcauskas during the plea colloquy, which Vilcauskas admitted. Any additional explanation by Vilcauskas's attorney could not have plausibly motivated him to plead differently. *See Mayweather*, 634 F.3d at 504 ("When the basis for withdrawal is erroneous or inadequate legal advice," the defendant must show "that proper advice 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty'" (quoting *United States v. Garcia*, 401 F.3d 1008, 1011–12 (9th Cir. 2010)) (alteration in original)).

**DISMISSED IN PART AND AFFIRMED IN PART.**