NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON FRANK STRICKER,

Defendant - Appellant.

No. 24-5955

D.C. No.
1:20-cr-00046-DLC-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 13, 2025**
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Brandon Frank Stricker appeals from his conviction for receiving child

pornography in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

"When a defendant fails to object to an alleged [Federal Rule of Criminal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Procedure] 11 violation during the plea colloquy, we review for plain error." *United States v. David*, 36 F.4th 1214, 1217 (9th Cir. 2022). Here, the district court did not plainly err under Rule 11 in accepting Stricker's guilty plea.

First, we reject Stricker's contention that there was no factual basis for his plea. It is undisputed Jane Doe 1, a minor, sent Stricker two videos of child pornography via Facebook. Stricker also admitted that he received sexually explicit videos from someone he knew was a minor and, upon receipt, he responded, "Holy hell that's hot." *See United States v. Olander*, 572 F.3d 764, 769 (9th Cir. 2009) ("If one receives child pornography, one necessarily possesses it, at least for a short time."). His admission of receipt and knowledge provides "sufficient evidence to support the conclusion that [Stricker] is guilty." *United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006) (citation omitted).

Second, we reject Stricker's contention that he did not understand the nature of the charge against him. During the plea colloquy, Stricker confirmed several times that he understood the nature of the charge and the elements that the government would need to prove. "The district court was entitled to rely upon [Stricker's] assurance that he understood the [nature] of the crime to which he entered a guilty plea." *United States v. Peterson*, 995 F.3d 1061, 1067 (9th Cir. 2021).

There were no errors, let alone plain errors.

**AFFIRMED.**