**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>v.<br><br>JASON REID LUNDHOLM,<br><br>　　　　Defendant - Appellant. | No. 25-1045<br><br>D.C. No.<br>4:23-cr-00314-BLW-3<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted April 17, 2026**
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Jason Reid Lundholm ("Lundholm") appeals from his conviction for

conspiracy to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and

846, and possession of methamphetamine with intent to distribute, 21 U.S.C.

---

\*　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. We review de novo the denial of a motion to suppress, and for clear error the underlying factual findings. *United States v. Peterson*, 995 F.3d 1061, 1064 (9th Cir. 2021). For sentencing, we "review the district court's identification of the relevant legal standard de novo, its factual findings for clear error, and its application of the legal standard to the facts for abuse of discretion." *United States v. Chichande*, 113 F.4th 913, 919 (9th Cir. 2024) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in denying Lundholm's motion to suppress evidence from a prolonged traffic stop. A lawful traffic stop is "limited in its scope: an officer may 'address the traffic violation that warranted the stop,' make 'ordinary inquiries incident to the traffic stop,' and 'attend to related safety concerns.'" *United States v. Taylor*, 60 F.4th 1233, 1239 (9th Cir. 2023) (quoting *Rodriguez v. United States*, 575 U.S. 348, 354–55 (2015)). If a traffic stop is "prolonged beyond the time reasonably required to complete the mission of issuing a ticket for the violation" it can become unlawful, unless there was reasonable suspicion for the prolongation. *United States v. Steinman*, 159 F.4th 550, 561 (9th Cir. 2025) (internal quotation marks and citation omitted). "Reasonable suspicion exists when an officer is aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for

*particularized* suspicion." *Id.* at 566 (internal quotation marks and citation omitted) (emphasis in original).

Here, the traffic stop was not impermissibly prolonged before the officers "complete[d] the mission of issuing a ticket for the violation," and to the extent it was prolonged after, there was reasonable suspicion for the prolongation. *Id.* (internal quotation marks and citation omitted). The officers' actions related to the drug investigation did not extend the time of the traffic stop, which concluded when the officers finished preparing and printing the citation warning. *See Rodriguez*, 575 U.S. at 354 (noting that "[a]uthority for the seizure . . . ends when tasks tied to the traffic infraction are . . . completed").

Although the stop continued *after* the officers completed the mission of issuing a ticket for the violation, that prolongation was supported by reasonable suspicion. Among other things, the officers observed that (1) the vehicle Lundholm was riding in departed from a residence under active narcotics surveillance, (2) a passenger entered the vehicle carrying a paper bag from the residence, (3) the vehicle took an indirect route to another residence also known for narcotics investigations, (4) the passengers exhibited extreme nervousness during the stop, and (5) there was an active search warrant alleging methamphetamine distribution and manufacturing for one of the passengers. These facts are sufficient to establish reasonable suspicion of drug activity. *Cf. Steinman*,

3                                                                25-1045

159 F.4th at 566–67 (finding reasonable suspicion that the defendant possessed a firearm as a felon where an officer observed an ammunition box and blanket covering items in the vehicle and learned that the defendant had felony convictions).

2.  At sentencing, the district court did not abuse its discretion in denying a minor-role reduction under U.S. Sentencing Guideline § 3B1.2.  "A district court abuses its discretion when it applies the wrong legal standard or when its findings of fact or its application of law to fact are illogical, implausible, or without support in inferences that may be drawn from the record."  *Chichande*, 113 F.4th at 919–20 (internal quotation marks and citation omitted).

Here, the record supports the conclusion that the district court applied the correct legal standard in rejecting Lundholm's argument for a minor-role sentence reduction.  The district court acknowledged the factors "govern[ing] the comparative-liability analysis" and the "facts relevant to that analysis," when it compared Lundholm's culpability to that of his co-defendants and referenced the factors required by Guideline comment 3(C).  *United States v. Klensch*, 87 F.4th 1159, 1163–64 (9th Cir. 2023) (listing the steps a district court must take in determining whether a defendant is eligible for a sentencing reduction).  While the district court did not explicitly refer to the three-step minor-role reduction test articulated by this court or name all the factors required by 3(C), "it was not

required to mechanically analyze each factor or reference them verbatim on the record." *Id.* at 1164. Rather, "providing *some* explanation, even in general terms, of how the considerations embodied in the factors apply in this case is part and parcel of considering them," which the district court did here. *Id.* (internal quotation marks and citation omitted) (emphasis in original). Furthermore, we "generally assume that the district court applied the correct legal standard," unless "the record indicates the contrary." *Id.* at 1165–66. It does not.

**AFFIRMED.**