NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10046 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00084-LEK-1 |
| v. | |
| STANLEY KELIIHOLOKAI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 9, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Keliiholokai was indicted and pleaded guilty to one count of possession with

intent to distribute five grams or more of methamphetamine. In exchange for

Keliiholokai's guilty plea, the government agreed not to pursue any additional

charges, including assault on a federal officer and possession of a firearm in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

connection with a drug trafficking offense. As part of his plea agreement, Keliiholokai agreed to waive his right to appeal. In accordance with the terms of the plea agreement, the district court sentenced Keliiholokai to sixty months' imprisonment.

Keliiholokai argues that the district court improperly considered his possession of the firearm in applying a two-level sentencing enhancement and failed to consider whether he was safety-valve eligible. We have jurisdiction over sentencing appeals under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Christensen*, 732 F.3d 1094, 1097 (9th Cir. 2013); *United States v. Garro*, 517 F.3d 1163, 1165 (9th Cir. 2008). Because Keliiholokai waived his appellate rights, and no exception to that waiver applies, we decline to exercise our jurisdiction to consider the merits of his appeal. *See, e.g.*, *United States v. Wells*, 29 F.4th 580, 583–87 & n.1 (9th Cir. 2022).

1. We decline to exercise our jurisdiction to review the merits of an appeal when there is a valid and enforceable waiver of the right to appeal. *See, e.g.*, *id.* at 585 n.1 (citing *United States v. Castillo*, 496 F.3d 947 (9th Cir. 2007)); *United States v. David*, 36 F.4th 1214, 1217 (9th Cir. 2022). We review de novo whether Keliiholokai waived his right to appeal pursuant to his plea agreement. *United States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017). A waiver of appellate rights is enforceable if the language of the waiver clearly and unambiguously

2

encompasses the defendant's right to appeal on the grounds raised, and the waiver is knowingly and voluntarily made. *Wells*, 29 F.4th at 583 (citation omitted).

The first requirement is satisfied because the language in Keliiholokai's plea agreement states that he waived his right to appeal "*any sentence* within the Guidelines range as determined by the Court at the time of sentencing . . . or *the manner in which the sentence . . . was determined*, on any ground whatsoever." This language plainly encompasses his right to bring the present appeal.

To determine the second requirement, we consider whether the plea agreement, as a whole, was knowingly and voluntarily made, *see United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999), *as amended*, we review "what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty," *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2015) (citation omitted), and we analyze the Rule 11 plea colloquy, *see Portillo-Cano*, 192 F.3d at 1250. During the Rule 11 colloquy, the district court advised Keliiholokai of the nature of the charges against him, the consequences of conviction, and the constitutional rights he was waiving by pleading guilty. Keliiholokai repeatedly responded by assuring the court that he understood the nature of his plea and was voluntarily pleading guilty. We conclude here, as we have in other cases, that "such procedures [are] sufficient to find a knowing and voluntary waiver." *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996);

*cf. Portillo-Cano*, 192 F.3d at 1252.

2.     No exception applies to Keliiholokai's waiver of his right to appeal his sentence.  An appeal waiver will not apply if: (1) a defendant's guilty plea failed to comply with Rule 11, (2) the sentencing judge expressly informed a defendant that he retains the right to appeal, (3) the sentence does not comport with the terms of the plea agreement, or (4) the sentence violates the law.  *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).  The first two exceptions do not apply because the colloquy complied with Rule 11 and Keliiholokai stated that he reviewed the terms of the plea agreement, *see United States v. Watson*, 582 F.3d 974, 986–87 (9th Cir. 2009), and because there is no indication that the district court erroneously advised Keliiholokai that he had an unqualified right to appeal. *See id.* at 987–88.

Apparently asserting the third waiver exception, Keliiholokai argues that the plea agreement was ambiguous on issues concerning his alleged firearm possession and he understood that the government "would not bring up the firearm or the ammunition at all," perhaps suggesting that the firearm enhancement increased his sentence beyond that to which he consented in the plea agreement.  However, the plea agreement provided that Keliiholokai could be sentenced to between 60- and 480-months' imprisonment, and his sentence of 60 months was at the low end of the agreed-upon range and thus well within the terms of the plea agreement.

Additionally, the plea agreement warned that the district court would not be bound by the parties' sentencing recommendations, and the district court reminded Keliiholokai at sentencing that it was not bound by the terms of the agreement. *See, e.g.*, *Medina-Carrasco*, 815 F.3d at 461–62.

Moreover, the scope of the appellate waiver was not impacted by any breach of the plea agreement because, consistent with its terms, the government did not bring additional charges relating to the incident underlying the offense, and the government did not agree to remain neutral at sentencing or otherwise refrain from agreeing with the PSR or arguing for an enhancement. *See, e.g.*, *United States v. Ellis*, 641 F.3d 411, 417–20 (9th Cir. 2011); *United States v. Franco-Lopez*, 312 F.3d 984, 990–93 (9th Cir. 2002); *United States v. Mondragon*, 228 F.3d 978, 979–81 (9th Cir. 2000). Accordingly, the sentence complies with the terms of the plea agreement and the third waiver exception does not apply.

For the fourth waiver exception, we have defined "illegal sentence" to mean "one not authorized by the judgment of conviction or in excess of the permissible statutory penalty for the crime," *United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016) (citation omitted), or one that "violates the Constitution," *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) (citation omitted). Here, Keliiholokai does not contend that his underlying sentence was illegal.

We therefore decline to exercise our jurisdiction to entertain the merits of

5

this appeal because the appeal waiver in Keliiholokai's plea agreement is unambiguous, the agreement was knowingly and voluntarily made, and the waiver exceptions do not apply.

**APPEAL DISMISSED.**